# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| DENIS GRIFFITH,<br><br>    *Plaintiff,*<br><br>  v.<br><br>NAVIENT SOLUTIONS, LLC<br><br>    *Defendant.* | CASE NO.: **1:22-cv-969**<br><br>    **ORIGINAL COMPLAINT FOR:**<br><br>1. **Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.**<br>2. **Deceptive Trade Practices (Texas Bus. & Comm. Code §§ 17.46 – 17.60.)**<br><br>    **JURY TRIAL REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW **Denis Griffith** (Plaintiff), by and through his attorneys, **and** alleges the following against **Navient Solutions, LLC.** (Defendant):

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., Inc.*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the Telephone Consumer Protection Act).

2. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas.

3. The Texas state law claims for unfair business practices and for bailment arise out of the same set of facts as the federal claim, so this Court has supplemental jurisdiction over the state law claim, per 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Austin, Texas.

6. Defendant is a business entity with a principal place of business, head office, or valid mailing address at 123 Justison Street, Wilmington, Delaware 19801.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

9. From 2018 to the present, Defendant Navient has serviced several federal student loan accounts belonging to Plaintiff, and in doing so, violated multiple provisions of state and federal law while attempting to service and/or collect on these student loan accounts.

10. From 2018 to the present, Plaintiff has had the same 415 area code cellular telephone number.

11. From 2018 to the present, Plaintiff has only used this phone number as a cellular telephone.

12. At numerous junctures from 2018 to the present, Defendant bombarded Plaintiff's cellular telephone with telephone calls on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system ("ATDS"), in addition to calling Plaintiff with automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling him using an ATDS and automatic and/or pre-recorded messages as he received calls from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line, or sometimes a hang-up.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In fact, Defendant would sometimes place robo-calls even when Plaintiff's student loan accounts were not delinquent.

17. Desiring to stop these repeated, unwanted calls, Plaintiff on numerous occasions revoked any previous consent that Defendant had to contact him on his cellular phone.

18. Defendant received Plaintiff's requests to cease calling his cellular phone.

19. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose Defendant making further calls, nor was there any good faith reason to place calls.

20. In spite of his repeated instruction to stop calling his cellular telephone, Defendant instead continued to call him repeatedly.

21. Upon information and belief, Defendant habitually and intentionally conducts business in a manner which violates the Telephone Consumer Protection Act.

22. Incessant robo-calling is just one of many ways in which Navient's abusive business practices have been and continue to be directed at student loan borrower consumers.

23. Navient has (notoriously) been sued by over 20 states, and by countless individual plaintiffs over the last four years for its deceptive and unfair loan servicing and debt collection practices.

24. From on or about 2020 to present, Defendant steered Plaintiff toward forbearances (including misrepresenting that forbearance was Plaintiff's best or only option), when, in fact, a forbearance is intended only for a temporary hardship.

25. From on or about 2020 to present, Navient misrepresented to Plaintiff that Navient would apply Plaintiff's student loan payments according to his instructions but failed to do so.

26. On at least one occasion between 2020 to present, Navient misrepresented to Plaintiff that rehabilitation would erase a defaulted loan from a Plaintiff's credit report, when, in fact, some negative payment history remains.

27. On at least one occasion between 2020 to present, Navient advertised payment options that were not in fact available in Plaintiff tried to avail himself of those options.

28. On at least one occasion between 2020 to present, Navient represented to Plaintiff that it would waive all collection fees if Plaintiff successfully rehabilitated his loans when, in fact, the borrower pays fees out of each rehabilitation payment and not all fees are actually waived.

29. Upon information and belief, unwarranted late fees and charges have been added to Plaintiff's student loan balances and are thus compounding with interest.

## COUNT I

## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 *et seq.*

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

32. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes.

34. Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of treble statutory damages.

## COUNT II

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT, TEX. BUS. COMM. CODE § 17.50 *et seq.* ("DTPA")

38. Plaintiff incorporates the preceding paragraphs as if set forth at length.

39. Defendant violated the DTPA by employing the unfair, deceptive, and harassing business practices described herein.

40. As a result of Navient's violations of the DTPA, Plaintiff is entitled to **treble** actual damages; and an award of attorney fees and costs, per the DTPA §§ 17.50(b), (d).

## **PRAYER**

**Wherefore**, Plaintiff, **Denis Griffith** respectfully prays for judgment as follows:

- All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

- Treble statutory damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

- Treble actual damages; and an award of attorney fees and costs, per the DTPA §§ 17.50(b), (d);

- and any other relief this Honorable Court deems appropriate in law or at equity.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Denis Griffith**, demands a jury trial in this case.

DATED: September 26, 2022

Respectfully Submitted,

/s/ Robert Zimmer
**Robert Zimmer**
State Bar No. 24098662

**Zimmer & Associates, A Law Firm**
1108 Lavaca Street, Suite 110-187
Austin, Texas 78701
Phone/Fax: (512) 434-0306
E-mail: zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF,
DENIS GRIFFITH**